IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR STEVEN LANGENDORF,<br><br>Petitioner,<br><br>vs.<br><br>RICHARD KIRKLAND, Warden,<br><br>Respondent. | No. C 05-1629 JSW (PR)<br><br>**ORDER TO SHOW CAUSE**, **GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS, GRANTING MOTION TO REQUEST TRANSCRIPTS**<br><br>(Docket nos. 4, 5) |

### INTRODUCTION

Petitioner, a prisoner of the State of California, currently incarcerated at Pelican Bay State Prison, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction. Petitioner has filed an application to proceed *in forma pauperis*, which is GRANTED (docket no. 4). Petitioner has also filed a motion to request transcripts, which is GRANTED (docket no. 5). This order directs Respondent to show cause why the petition should not be granted.

### BACKGROUND

According to the petition, Petitioner was convicted after a guilty plea in Napa County Superior Court of assault and battery and a gang enhancement. He was sentenced on July 12, 2002 to a term of seven years in state prison. Petitioner filed state habeas petitions which were denied by Napa County Superior Court, the Court of Appeal, and the California Supreme Court. Petitioner filed the instant petition on April 19, 2005.

**DISCUSSION**

I    <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II    <u>Legal Claims</u>

The petition raises the following grounds for relief: (1) selective prosecution in violation of Petitioner's constitutional right to equal protection of the laws; (2) the trial court imposed an enhancement based on the false testimony of the District Attorney's gang investigator; (3) cruel and unusual punishment and deliberate indifference by prison officials who placed Petitioner in a holding cell with a known enemy; and (4) ineffective assistance of counsel for failure to file a motion to dismiss for selective prosecution and for failure to challenge the gang enhancement based on perjured testimony.

Claim Three is not cognizable on a federal habeas petition. Petitioner alleges that he was convicted of assault and battery for the attack of Phillip Bedolla at the Napa County jail on June 11, 2001. Petitioner alleges that, on that day, he was told by prison officials that he would be transported to court, but instead was placed in a holding cell with Bedolla even though a known enemy situation had been documented, and "a scuffle ensued." Petitioner claims that the jail staff acted with deliberate indifference and/or cruel and unusual punishment by placing these known enemies together in a holding cell. This allegation does not challenge the fact or length of confinement, however, and is not cognizable on federal habeas review. *See Calderon v. Ashmus*, 523 U.S. 740, 747 (1998). Claim Three is therefore DISMISSED. As to Petitioner's other claims, liberally construed,

it does not appear from the face of the petition that Petitioner is not entitled to relief. Accordingly, Respondent is ordered to respond to the petition as set forth below.

III.   Application to Proceed *In Forma Pauperis*

Petitioner's application to proceed *in forma pauperis* is GRANTED (docket no. 4).

IV.   Motion to Request Transcripts

Petitioner has filed a motion requesting transcripts and court documents for the purpose of presenting his collateral challenge to his state court criminal conviction from Napa County, case number CR105590. Petitioner's motion is GRANTED (docket no. 5). Respondent shall provide relevant records as set forth below.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. Claim Three of the petition is DISMISSED for failure to state a cognizable claim for relief.

2. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

3. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state court record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing

3

Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

    5. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)

    IT IS SO ORDERED.

DATED: November 16, 2005

JEFFREY S. WHITE
United States District Judge