IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TAYLOR STEVEN LANGENDORF,

Petitioner,

vs.

RICHARD KIRKLAND, Warden,

Respondent.

No. C 05-1629 JSW (PR)

**ORDER STAYING AND ADMINISTRATIVELY CLOSING HABEAS PETITION, GRANTING LEAVE TO AMEND AND INSTRUCTIONS TO CLERK**

(Docket Nos. 7, 8, 9, 22, 23)

Petitioner, a state prisoner currently incarcerated at Kern Valley State Prison in Delano, California, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. On October 25, 2004, this Court ordered Respondent to show cause why the writ should not issue as to three of four claims alleged in the petition (docket no. 3). On January 27, 2005, Respondent filed an answer to the petition with the Court (docket nos. 5). Petitioner has filed a traverse (docket no. 25).

After the Court ordered Respondent to show cause, Petitioner filed a motion for leave to file a motion for reconsideration and a reconsideration motion, requesting the Court to reconsider its dismissal of claim three in the petition for failure to state a claim for habeas relief (docket nos. 7, 8). In his motions, Petitioner alleges that the original claim three raised in the petition should have asserted a claim for relief based on outrageous government conduct in intentionally placing Petitioner in the jail cell for transportation with a known gang enemy when he did not have a court date, "solely to secure a conviction(.)" Motion at 2 (docket no. 8). Petitioner also filed a motion to

amend the petition based on new information (docket no. 9), specifically, that he learned on December 1, 2005 that certain materials documenting the jail's policies and lists for transportation, which defense counsel had subpoenaed, had not been returned by the jail. In the motion, Petitioner apparently seeks to amend his petition to add another new claim under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Kyles v. Whitley*, 514 U.S. 419 (1995). It is unclear from the motion whether Petitioner is also seeking to add an additional ineffective assistance of counsel claim. Petitioner further asserts in the motion that the unreturned subpoenaed documents would have substantiated claims one and three in the original petition (docket no. 1). Petitioner's motions to amend the petition are GRANTED (docket nos. 7, 8, 9) to the extent that the Court will allow Petitioner to file an amended petition including these additional claims at such time that they have been exhausted in the state courts.

Petitioner asserts in the motion to amend the petition that these claims have not been exhausted before the California Supreme Court and requests leave to do so "if the Court grants the motion and deems it necessary" (docket no. 9). This Court will construe Petitioner's request as a motion seeking leave to stay the petition while he returns to the state courts to exhaust his claims before the California Supreme Court, which is now GRANTED (docket no. 9).

**DISCUSSION**

The exhaustion requirement requires that prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or duration of their confinement first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). The exhaustion-of-state-remedies doctrine

reflects a policy of federal-state comity to give the state "'the initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted). A federal district court must dismiss a habeas petition containing any claim as to which state remedies have not been exhausted. *See Rose v. Lundy*, 455 U.S. at 522. However, the dismissal must be with leave to amend to delete the unexhausted claims; if they are deleted, the court can then consider those which remain. *See Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000). Also, the court has the power to grant a stay of the federal proceeding while petitioner goes back to state court to exhaust additional claims. *Rhines v. Webber*, 125 S. Ct. 1528, 1535 (2005).

The evidence before the Court indicates that Petitioner did not exhaust his state court remedies as to several claims now pending before this Court. Based on Petitioner's assertion that his petition contains both exhausted claims and an unexhausted claim, the Court finds that it is a mixed petition. Petitioner cannot go forward in federal court with a mixed petition. *See id.; Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).

However, Petitioner has also requested the Court to grant him leave to exhaust the unexhausted claims in the state courts. Based on the allegations in his motion to amend (docket no. 9), this Court now finds that Petitioner has shown (1) good cause for his failure to exhaust the issues based on newly discovered evidence; and (2) shown that the issues are "potentially meritorious." *See Rhines*, 125 S. Ct. at 1535.

A district court may stay a petition pending a petitioner's exhaustion of additional claims, with the intention of allowing an amendment after exhaustion to add the newly exhausted claims. *See Id.*; *Kelly v. Small*, 315 F.3d 1063, 1070 (9th Cir. 2003); *Calderon v. United States Dist. Court (Taylor)*, 134 F.3d 981, 989 (9th Cir. 1998). Accordingly, Petitioner's request for a stay is GRANTED, subject to the conditions set forth below, and this action is hereby STAYED until thirty days after the California

Supreme Court's final decision on Petitioner's claims.

Once the California Supreme Court has issued a decision on Petitioner's now unexhausted claims, Petitioner shall promptly notify the Court. Within thirty days of such decision, Petitioner may file an amended petition containing all claims he intends to pursue here, including the newly exhausted claims and any claims he wishes the Court to consider from his original petition. If Petitioner chooses to file an amended petition, he must include the caption and civil case number used in this order (No. C-05-1629 JSW (PR)) and the words AMENDED PETITION on the first page, and Petitioner may not incorporate material from the original petition by reference.

**If Petitioner wishes to have this Court consider his now unexhausted claims in an amended petition, he must properly present these claims to the Supreme Court of California within thirty days of the date this order is filed, and thereafter file an amended petition in this Court within thirty days of the California Supreme Court's decision containing all of his claims. If Petitioner fails to do so, this matter shall proceed on Petitioner's petition currently pending before the Court and the Court will not consider Petitioner's other claims.**

Petitioner has also filed a motion requesting the Court to grant the petition based on Respondent's failure to file an answer (docket no. 22). That motion is now DENIED as moot (docket no. 22), as is Petitioner's motion seeking an extension of time in which to file the traverse (docket no. 23).

The clerk shall administratively close the file pending the stay of this action.

IT IS SO ORDERED.

DATED: September 28, 2006

JEFFREY S. WHITE
United States District Judge