IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR STEVEN LANGENDORF,<br><br>    Petitioner,<br><br>  vs.<br><br>RICHARD KIRKLAND, Warden,<br><br>    Respondent. | No. C 05-1629 JSW (PR)<br><br>**ORDER REOPENING ADMINISTRATIVELY CLOSED PETITION, TO SHOW CAUSE, GRANTING MOTION AND INSTRUCTIONS TO THE CLERK**<br><br>(Docket no. 29) |

**INTRODUCTION**

Petitioner, a prisoner of the State of California, currently incarcerated at Pelican Bay State Prison, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction. This Court previously ordered Respondent to show cause why the petition should not be granted. Thereafter, Respondent filed an answer and Petitioner filed a traverse. Petitioner also sought the Court's reconsideration of one of his initial claims that was dismissed by the Court on initial review and requested that he be allowed to exhaust additional claims in the state courts. This Court granted Petitioner a stay for the purposes of returning to the state courts to exhaust his claims. Thereafter, Petitioner filed an amended petition and a motion notifying the Court that his claims had been exhausted in the state Court's and requesting this Court to order Respondent to show cause as to why the petition should not be granted (docket no. 29). Petitioner's motion is now GRANTED and Respondent is ordered to file an answer to the amended petition.

**BACKGROUND**

According to the petition, Petitioner was convicted after a guilty plea in Napa County Superior Court of assault and battery and a gang enhancement. He was sentenced on July 12, 2002 to a term of seven years in state prison. Petitioner filed state habeas petitions which were denied by Napa County Superior Court, the Court of Appeal, and the California Supreme Court. Petitioner filed the instant petition on April 19, 2005.

**DISCUSSION**

I    Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II    Legal Claims

The amended petition raises the following grounds for relief: (1) the conviction rests on outrageous government conduct; (2) the trial court imposed an enhancement based on false testimony; (3) ineffective assistance of counsel for failure to investigate and challenge Petitioner's selective prosecution and the outrageous government conduct; and (4) failure to disclose exculpatory evidence to the defense. Liberally construed, it does not appear from the face of the petition that Petitioner is not entitled to relief. Accordingly, Respondent is ordered to respond to the petition as set forth below.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The Clerk shall reopen this administratively closed case and serve by certified mail a copy of this order and the amended petition, and all attachments thereto, on

Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state court record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

5. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)

IT IS SO ORDERED.

DATED: October 27, 2008

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

LANGENDORF,

        Plaintiff,

  v.

KIRKLAND, et al,

        Defendant.

Case Number: CV05-01629 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 27, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Taylor S. Langendorf
Kern Valley State Prison
P74142
P.O. Box 5103
Delano, CA 93216

Dated: October 27, 2008

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk