IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR STEVEN LANGENDORF, | No. C 05-1629 JSW (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY** |
| vs. | |
| RICHARD KIRKLAND, Warden, | |
| Respondent. | |

This is a habeas corpus case filed pro se by a state prisoner pursuant to 28 U.S.C. § 2254.

**PROCEDURAL BACKGROUND**

In 2005, the court issued an order to show cause as to three of the four issues in Petitioner's original petition. Respondent filed an answer and Petitioner filed a traverse. The Court then granted Petitioner a stay for the purposes of returning to the state courts to exhaust his claims.

In 2008, after Petitioner completed exhaustion, the Court reopened the case and issued another order to show cause. On February 10, 2009, Respondent filed a supplemental answer in response to that order. Petitioner did not file a supplemental traverse, but on January 12, 2009 – before the answer was filed – he had filed a document labeled a "traverse" and exhibits in support of it. This "traverse" contained arguments in support of Petitioner's claims.

After Respondent's supplemental answer was filed, Petitioner moved to "Amend/Correct" the memorandum of points and authorities he had filed n support of

the January 12 "traverse," saying that he wished to reply to Respondent's supplemental answer. That motion was granted in an order entered on September 21, 2009. In that Order the Court also denied Petitioner's motion to disregard the supplemental answer as untimely. Petitioner has not amended his traverse, despite having been granted leave to do so.

In an order entered on May 11, 2010, the Court denied Petitioner's motion to reconsider the denial of sanctions against Respondent. On June 1, 2010, Petitioner filed a notice of appeal directed to the Court's denial of his motion to reconsider. The appeal is interlocutory. It thus does not stay proceedings in this Court. *See City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885-86 (9th Cir. 2001).

The Court has not entered the statement allowed by 28 U.S.C. § 1292(b), that the order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal would materially advance the ultimate termination of the litigation. Petitioner based his motion for sanctions on his belief that Respondent's motion for an extension of time, having been filed after expiration of the deadline for responding to the order to show cause, violated Local Rule 6-1(b). Rule 6-1(b) requires that requests for extensions that affect matters scheduled for hearing or on the court's calendar must be filed at least fourteen days prior to the scheduled date. There was no hearing scheduled in this matter, and it was not calendared. The denial did not, therefore, involve a question of law as to which there is a substantial ground for difference of opinion. And even if there were room for a difference of opinion as to the application of Local Rule 6-1(b), it is clear that the writ should not be granted simply because of minor and harmless untimeliness on the part of the Respondent. Also, the Court's ruling undoubtedly would be affirmed on appeal, if one were allowed, so allowing the appeal would not advance termination of the litigation.

For these reasons, to whatever extent the notice of appeal could be construed as a request that the Court amend the ruling to include such a statement, the request is

DENIED. *See* Fed. R.App.P. 5(b) (permitting amendment of order at any time to include the § 1292(b) statement). The Court has not entered, and does not intend to enter, the statement contemplated by 28 U.S.C. § 1292(b).

## BACKGROUND

In July of 2002, Petitioner pled guilty to assault and battery with a gang enhancement. He was sentenced to a term of seven years in state prison. He did not appeal, but he did file state habeas petitions that were denied by Napa County Superior Court, the Court of Appeal, and the California Supreme Court.

## EVIDENTIARY HEARING

Petitioner asks for an evidentiary hearing in his January 12, 2009, traverse.

An evidentiary hearing is held in federal habeas cases only under the most limited circumstances. *Baja v. Ducharme*, 187 F.3d 1075, 1077-79 (9th Cir. 1999). An evidentiary hearing on a claim for which the Petitioner failed to develop a factual basis in state court can be held only if Petitioner shows that: (1) the claim relies either on (a) a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review, or (b) a factual predicate that could not have been previously discovered through the exercise of due diligence, and (2) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2)(A)-(B). In short, if Petitioner did not attempt to present in state court the facts he wishes to present now, for instance by attempting to develop them in his state habeas proceedings, he cannot do so now unless he can show that he meets the provisions of section 2254(e)(2) outlined above.

A prisoner "fails" to develop the factual basis of a claim, triggering § 2254(e)(2), if "there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams (Michael) v. Taylor*, 529 U.S. 420, 432 (2000). "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." *Id*. at 437. Accordingly, where the

prisoner has met the burden of showing he was diligent in efforts to develop the facts supporting his claims in state court, an evidentiary hearing may be held without regard to whether the "stringent" requirements of § 2254(e)(2) apply. *Id.* at 437; *Jaramillo v. Stewart*, 340 F.3d 877, 882 (9th Cir. 2003); *Jones v. Wood*, 114 F.3d 1002, 1013 (9th Cir. 1997).

It is Petitioner's burden to show that he attempted to develop the facts in state court but was prevented from doing so, for instance by showing that the state court denied a request for an evidentiary hearing. *Hutchison v. Bell*, 303 F.3d 720, 747 (6th Cir. 2002) (requiring Petitioner to demonstrate "sufficient diligence"); *Baja,* 187 F.3d at 1078-79. He has not carried that burden; indeed, he does not even discuss any efforts to develop the facts in state court. For that reason, because he has not attempted to show that the exceptions of Section 2254(e)(2)(A)-(B) apply to him, is not entitled to an evidentiary hearing.

The motion for an evidentiary hearing will be denied.

## STANDARD OF REVIEW

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court

4

decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *Id.* at 409.

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. 322 at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

**DISCUSSION**

In the amended petition, filed after the stay for exhaustion, Petitioner asserts that: (1) the conviction rests on outrageous government conduct; (2) the trial court imposed an enhancement based on false testimony; (3) his counsel was ineffective in failing to investigate and challenge the selective prosecution of Petitioner and the outrageous government conduct;(4) the prosecution failed to disclose exculpatory evidence to the defense; and (5) counsel was ineffective in not following up on a subpoena for jail records that had been obtained by prior counsel.

**I.    Effect of Guilty Plea**

A defendant who enters a valid guilty plea cannot later raise in habeas corpus

5

proceedings independent claims relating to the deprivation of constitutional rights that occurred before the plea. *Haring v. Prosise*, 462 U.S. 306, 319-20 (1983) (guilty plea forecloses consideration of pre-plea constitutional deprivations); *Tollett v. Henderson,* 411 U.S. 258, 266-67 (1973) (same); *Moran v. Godinez*, 57 F.3d 690, 700 (9th Cir. 1994) (refusing to consider contention that petitioner's attorneys were ineffective because they failed to attempt to prevent the use of his confession; claim involved pre-plea constitutional violation).

Only a valid guilty plea waives prior claims. The long-standing test for determining the validity of a guilty plea is "'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Parke v. Raley*, 506 U.S. 20, 29 (1992) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). However, if the guilty plea was entered into with the advice of competent counsel, the voluntary and intelligent character of the guilty plea is immune from challenge. *United States v. Broce*, 488 U.S. 563, 574 (1989); *Mabry v. Johnson*, 467 U.S. 504, 508 (1984). Thus, a defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he or she received from counsel was not within the range of competence demanded of attorneys in criminal cases. *Tollett*, 411 U.S. 258 at 267; *Lambert v. Blodgett*, 393 F.3d 943, 979 (9th Cir. 2004); *United States v. Signori*, 844 F.2d 635, 638 (9th Cir. 1988).

### A.   Claim One

Petitioner's first claim is that the government's conduct in allegedly putting him in a holding cell with a known enemy was "outrageous conduct," such that the conviction cannot stand. *See United States v. Pemberton*, 853 F.2d 730, 735 (9th Cir. 1988) (discussing cases adopting rule that "outrageous government conduct" can be a violation of due process). This is a claim that arose before the plea of guilty and that does not go to the validity of that plea, so cannot directly be the basis for habeas relief here. It will, however, be discussed further below as a possible basis for one of

6

Petitioner's ineffective assistance claims.

### B.     Claims Three and Five

Construed liberally, claims three and five are claims that counsel failed to adequately investigate possible defenses, which in turn led to counsel's purportedly ineffective advice to plead guilty.  When the validity of advice to accept a guilty plea offer is attacked on grounds counsel's investigation was inadequate, "the salient inquiry is whether 'discovery of the evidence would have led counsel to change his recommendation as to the plea.'"  *Lambert*, 393 F.3d at 982 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).  "In turn, the result of this inquiry may depend on whether 'the defense would have likely succeeded at trial.'"  *Id.* (quoting *Hill*, 474 U.S. at 59).

In claim three, Petitioner contends that his counsel failed to adequately investigate the selective prosecution of Petitioner and the outrageous government conduct of putting him in the holding cell with a known enemy.  He say that "[b]ecause counsel failed to take action when told of exculpatory evidence then his advice to accept the plea renders the plea agreement involuntary and unintelligent and had the issue been raised prior to the plea then there was a probability that the case could have been dismissed."  (Amen. Pet. at 12.)

As was the case in *Lambert*, the question of whether counsel's failure to develop the selective prosecution and outrageous conduct theories caused his advice to plead guilty to be ineffective turns on whether those defenses would have succeeded in the absence of a plea.  *See Lambert*, 393 F.3d at 982.

To establish selective prosecution under California law, "[t]here must be discrimination and that discrimination must be intentional and unjustified and thus 'invidious' because it is unrelated to legitimate law enforcement objectives. . . ." *Baluyut v. Superior Court*, 12 Cal.4th 826, 833 (1996).   Here, there simply is no evidence in the record showing that the decision to prosecute Petitioner and not prosecute the victim was "unrelated to legitimate law enforcement objectives."  In the absence of such evidence, Petitioner cannot establish that a defense of selective prosecution would have succeeded

7

at trial, and thus cannot establish that counsel's advice to plead guilty was ineffective.

As to the "outrageous conduct" defense, "[i]n each of the cases in which an outrageous conduct defense has succeeded, the government essentially manufactured the crime." *United States v. Bogart*, 783 F.2d 1428, 1436 (9th Cir.1986) (vacated and remanded as to defendant Wingender; *see United States v. Wingender*, 790 F.2d 802 (9th Cir.1986)). That is, "government agents engineer[ed] and direct[ed] the criminal enterprise from start to finish." *United States v. Ramirez*, 710 F.2d 535, 539 (9th Cir.1983). Here, according to Petitioner's version of the facts, the government set up the crime. Even so, it was Petitioner's choice to assault the victim; that was not something the government did. The defense thus would not have succeeded at trial, so this basis for Petitioner's contention that counsel's advice to plead guilty was ineffective is without merit.

In claim five, Petitioner contends that counsel's advice to plead guilty was ineffective assistance because he had not followed up on a subpoena that was incompletely answered by the prosecution. He asserts that "[h]ad counsel actively sought the subpoenaed records that Mr. West failed to turn over, it is likely that he would not have insisted that Petitioner accept the plea, Petitioner would not have been inclined to do so, and the record would have shown evidence supporting outrageous government conduct and selective prosecution." (Amen. Pet. at 15.)

The materials subpoenaed would have gone to the selective prosecution and outrageous conduct defenses discussed above, both of which the Court has concluded would not have succeeded at trial. This claim is without merit.[1] *See Lambert*, 393 F.3d at 982 (question whether discovery of evidence would have led counsel to recommend rejection of plea "may depend on whether 'the defense would have likely succeeded at trial.'") (quoting *Hill*, 474 U.S. at 59).

---

[1] To whatever extent Petitioner may be attempting to claim that counsel was ineffective in not raising selective prosecution or outrageous government conduct as grounds to dismiss the charges, those claims are waived by the guilty plea.

8

///

## II. Other Claims

Petitioner also contends that he received a gang enhancement to his sentence because of perjured testimony given at the preliminary hearing. The enhancement was, however, not based on preliminary hearing testimony, but on the plea bargain. (Ex. 1 (initialed plea agreement) at 2.) This claim is frivolous.

Finally, Petitioner contends that the prosecution failed to turn over exculpatory evidence to the defense. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) ("the suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.").

Evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *United States v. Bagley*, 473 U.S. 667, 682 (1985). The evidence that Petitioner contends was not turned over is that requested in the subpoena discussed above, evidence that would have gone to Petitioner's selective prosecution and outrageous conduct defenses. For the reasons discussed in section I(B) above, those defenses would not have succeeded at trial, so the evidence that purportedly was not turned over was not material. There was no *Brady* violation.

## III. Appealability

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability in the ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009).

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability (formerly known as a certificate of

9

probable cause to appeal). *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard. *See id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S.Ct. 1595, 1604 (2000).

This was not a close case. Petitioner's claims are patently without merit, so jurists of reason would not find the result debatable or wrong. A certificate of appealability will be denied. Petitioner is advised that he may not appeal the denial of a COA, but he may ask the court of appeals to issue a COA under Rule 22 of the Federal Rules of Appellate Procedure. *See* Rule 11(a), Rules Governing § 2254 Cases.

## CONCLUSION

Petitioner's motion for an evidentiary hearing (document number 39 on the docket) is DENIED. The petition for a writ of habeas corpus is DENIED. A certificate of appealability is DENIED. The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: July 9, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\JSW\HC.05\Langendorf1629.RUL.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

LANGENDORF,

        Plaintiff,

  v.

et al,

        Defendant.

Case Number: CV05-01629 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 9, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Taylor S. Langendorf
Kern Valley State Prison
P74142
P.O. Box 5103
Delano, CA 93216

Dated: July 9, 2010

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk